IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANNY GORDILS,

    Plaintiff,

v.                                                                         Case No. 22-cv-0412 JCH-JHR

JOHN DOE, *et al,*

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Danny Gordils' Prisoner Tort Complaint (Doc. 1-1) (Complaint). Plaintiff is incarcerated and proceeding *pro se*. He alleges prison officials were deliberately indifferent with respect to dental care. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915A, the Court will dismiss the Complaint but grant leave to amend.

## BACKGROUND[1]

Plaintiff is an inmate at the Western New Mexico Corrections Facility (WNMCF). In 2019, prison officials at a prior facility approved his request for dentures. *See* Doc. 1-1 at 5. Plaintiff received dentures after about a year, but they do not fit correctly in his mouth. *Id.* For at least three years, Plaintiff has been eating food without the ill-fitting dentures. *Id.* at 6. This allegedly causes digestive issues, pain, weight loss, and sores in Plaintiff's mouth. *Id.* at 7. Plaintiff filed several grievances, but he has not received new dentures or pain medication. *Id.*

Construed liberally, the Complaint raises claims for deliberate indifference to dental needs under the Eighth and Fourteenth Amendments to the United States Constitution and New Mexico law. *See* Doc. 1-1 at 4. The Complaint names an Unnamed Dentist; Wexford Health Services, Inc.

---

[1] For the limited purpose of this ruling, the Court accepts as true the facts in Plaintiff's Complaint (Doc. 1-1).

(Wexford); the New Mexico Corrections Department (NMCD); and several Doe-Defendants. *Id*. Plaintiff seeks at least $785,000 in compensatory and punitive damages. *Id*. He originally filed the Complaint in New Mexico's Thirteenth Judicial District Court. *Id.* at 4. Wexford removed the Complaint to his Court, and the matter is ready for initial review.

**STANDARDS GOVERNING INITIAL REVIEW**

Under the Prison Litigation Reform Act (PLRA), federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a government entity or officer. *See* 28 U.S.C. § 1915A(a). The Court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b). To avoid dismissal for failure to state a claim, a complaint must present factual allegations, assumed to be true, that "raise a right to relief about the speculative level." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, and must construe the allegations in the light most favorable to the plaintiff. *Id.* at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558.

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* pleadings are judged by the same legal standards that apply to represented litigants, but the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity

2

with pleading requirements." *Id.* If the initial complaint fails to state a claim, courts should generally grant leave to amend should unless amendment would be futile. *Id.*

**DISCUSSION**

Plaintiff's constitutional claims must be analyzed under 42 U.S.C. § 1983, the "remedial vehicle for raising … [a] violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

The constitutional violation at issue is deliberate indifference to medical/dental needs under the Eighth and Fourteenth Amendments. Plaintiff also appears to raise a New Mexico tort claim for deliberate indifference under the New Mexico Tort Claims Act, N.M.S.A. 41-1-1, *et. seq*. *See* Doc. 1-1 at 4. New Mexico courts look to federal law to resolve deliberate indifference claims. *See Griffin v. Penn*, 213 P.3d 514, 517 (N.M. App. 2009) (citing federal authority on deliberate indifference and noting New Mexico has "adopted the United States Supreme Court's *Estelle v. Gamble*, [429 U.S. 97 (1976)]" regarding state claims under the Eighth Amendment). The Court will therefore analyze whether the Complaint states a federal claim under the above § 1983 pleading standards and whether the facts establish deliberate indifference for purposes of state and federal law.

3

**A. The Complaint Does Not Name a Person Subject to Liability**

As to the § 1983 claims, the Complaint fails to show any person violated the Constitution. It is well settled that the "New Mexico Department of Corrections is not a person subject to suit under § 1983." *Blackburn v. Department of Corrections*, 172 F.3d 62 (10th Cir. Feb. 25, 1999). As to Wexford, private corporations cannot be held vicariously liable for employee's alleged constitutional violations under § 1983. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) ("[A] private [entity] 'cannot be held liable solely because it employs a tortfeasor—or, in other words ... cannot be held liable under § 1983 on a respondeat superior theory.' "); *Cf Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (supervisory status does not support § 1983 liability). A plaintiff must show the corporation "had an 'official ... policy of some nature' ... that was the direct cause or moving force behind the constitutional violations." *Dubbs*, 336 F.3d at 1216 (applying the rule to entities); *Moya v. Garcia*, 895 F.3d 1229 (10th Cir. 2018) (applying the rule to prison wardens). Plaintiff has not shown any wrongdoing is traceable to a policy or custom by Wexford. The Complaint therefore fails to state a § 1983 claim against NMCD or Wexford.

Naming several Doe Defendants and an Unnamed Dentist is also insufficient to bring any person into this lawsuit. A plaintiff may only file claims against unnamed defendants if the complaint "provides an adequate description of some kind which is sufficient to identify the person involved so process can eventually be served." *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996). The Complaint here has not provided any description of the unnamed defendants, nor has it identified their address/place of employment. Accordingly, Plaintiff has not stated a cognizable § 1983 claim against any unnamed Defendant.

### B. Plaintiff Has Not Shown Deliberate Indifference to Dental Needs

Alternatively, even if Plaintiff named a person subject to liability under § 1983, the Complaint fails to allege a claim for deliberate indifference to a serious risk of harm. "Deliberate indifference has objective and subjective components." *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). The objective component is met if the "harm suffered rises to a level sufficiently serious to be cognizable under the Cruel and Unusual Punishment Clause." *Mata v. Saiz*, 427 F.3d 745, 753 (10th Cir. 2005) (quotations omitted). A medical need is considered sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (quotations omitted). Dental care can qualify as a medical need under this test. *See Ramos v. Lamm*, 639 F.2d 559, 574 (10th Cir. 1980) (Prison officials must provide a "level of medical care which is reasonably designed to meet the routine and emergency health care needs of inmates," and this obligation includes the provision of dental care.).

To satisfy the subjective component, a plaintiff must show the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006) (quotations omitted). A medical professional's "accidental or inadvertent failure to provide adequate medical care or negligent diagnosis or treatment of a medical condition" cannot satisfy the subjective component of the test. *Ramos*, 639 F.2d at 575 (quotations omitted). This is true even if the medical judgment was "grossly negligent." *Mata*,

5

427 F.3d at 751.

The Complaint alleges prison officials provided ill-fitting dentures. Plaintiff must remove his dentures to eat, which causes pain, sores, poor digestion, and weight loss. The Tenth Circuit has found objective harm where inadequate dental care caused holes in the inside of the inmate's mouth, difficultly chewing food, and a risk of choking. *See Conley v. McKune,* 529 Fed. App'x 914, 920 (10th Cir. 2013). Assuming the objective component is met in this case, the Complaint fails to show any Defendant was aware of the consequences stemming from Plaintiff's ill-fitting dentures. Plaintiff has not alleged how and when he complained to any specific person, requested new dentures, or visited the dentist to detail these issues. The Complaint therefore fails to state a claim for deliberate indifference to dental needs under state or federal law.

### C.  Leave to Amend

*Pro se* prisoners should ordinarily be given an opportunity to "remedy defects potentially attributable to their ignorance of federal law." *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). Accordingly, Plaintiff may file an amended complaint within thirty (30) days of entry of this Order. If Plaintiff declines to timely amend or files another complaint that fails to state a cognizable claim, the Court may dismiss this case without further notice.

**IT IS ORDERED** that Plaintiff Danny Gordils' Prisoner Tort Complaint (**Doc. 1-1**) is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A; and Plaintiff may file an amended complaint within thirty (30) days of entry of this Order.

_____
SENIOR UNITED STATES DISTRICT JUDGE