IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANNY GORDILS,

    Plaintiff,

v.                                                      Case No. 22-cv-0412 JCH-JHR

JOHN DOE, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court following Plaintiff Danny Gordils' failure to file an amended complaint as directed. Plaintiff is incarcerated and *pro se*. The original Complaint (Doc. 1-1) alleges prison officials were deliberately indifferent with respect to dental care. According to Plaintiff, his dentures do not fit correctly in this mouth. *See* Doc. 1-1 at 5. Plaintiff must remove the dentures when he eats, which allegedly causes digestive issues, pain, weight loss, and sores. *Id.* at 6-7. Plaintiff filed several grievances, but he has not received new dentures or pain medication. *Id.* The original Complaint seeks at least $785,000 from an Unnamed Dentist; Wexford Health Services, Inc. (Wexford); the New Mexico Corrections Department (NMCD); and several Doe-Defendants.

    By a ruling entered May 18, 2023, the Court screened the original Complaint and determined it fails to state a cognizable claim. *See* Doc. 10 (Screening Ruling); *see also* 28 U.S.C. § 1915A (requiring *sua sponte* screening of prisoner complaints). As to the 42 U.S.C. § 1983 claims, the original Complaint fails to name a person subject to liability and/or personally involved in the alleged wrongdoing. *See* Doc. 10 at 4. There is also no indication that Wexford adopted any policy or custom that caused a constitutional violation. *See Dubbs v. Head Start, Inc.*, 336 F.3d

1194, 1216 (10th Cir. 2003) (a § 1983 plaintiff must show the entity-defendant "had an 'official ... policy of some nature' ... that was the direct cause or moving force behind the constitutional violations").

The Screening Ruling also explains why the original Complaint fails to state a claim for deliberate indifference under federal or state law. *See* Doc. 10 at 5; *Griffin v. Penn*, 213 P.3d 514, 517 (N.M. App. 2009) (citing federal authority on deliberate indifference and noting New Mexico has "adopted the United States Supreme Court's *Estelle v. Gamble*, [429 U.S. 97 (1976)]" regarding such claims). Assuming Plaintiff suffered serious harm, the original Complaint does not allege any Defendant was subjectively aware of the consequences stemming from Plaintiff's ill-fitting dentures. *See* Doc. 10 at 5-6; *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (To satisfy the subjective component of the deliberate-indifference test, a plaintiff must show the defendant "knows of and disregards an excessive risk to inmate health or safety."). The Court therefore dismissed the original Complaint without prejudice.

Consistent with *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990), the Court *sua sponte* invited Plaintiff to amend his claims within thirty (30) days of entry of the Screening Ruling. Plaintiff was warned that if he fails to timely file an amended complaint, the Court will dismiss the original Complaint (Doc. 1-1) without further notice. The deadline to amend was June 17, 2023. Plaintiff did not comply, show cause for such failure, or otherwise respond to the Screening Ruling. The Court will therefore dismiss this case, including Plaintiff's Prisoner Tort Complaint (Doc. 1-1), with prejudice for failure to state a cognizable claim.

**IT IS ORDERED** that all claims in Plaintiff's Prisoner Tort Complaint (**Doc. 1-1**) are **DISMISSED with prejudice** under 28 U.S.C. § 1915A for failure to state a cognizable claim; and

the Court will enter a separate judgment closing the civil case.

_____
SENIOR UNITED STATES DISTRICT JUDGE